**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KURT MERRIAM, also known as
Kurt Merricam,

Defendant - Appellant.

No. 03-4114
(D. Ct. No. 2:02-CR-235-TC)
(D. Utah)

**ORDER AND JUDGMENT** &ast;

Before **TACHA** , Chief Circuit Judge,    **McKAY** and **McCONNELL** , Circuit
Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Kurt Merriam entered a conditional plea of guilty to

one count of possession of a firearm by a felon in violation of 18 U.S.C.

---

&ast;This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 922(g)(1), reserving his right to appeal the district court's denial of his motion to suppress evidence of the handgun found in his car. He now appeals the denial of this motion. We take jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

## I. INTRODUCTION

In response to a dispute with two adolescent boys, Mr. Merriam chased the boys, who were on bicycles, in his car. This chase led through side streets, an apartment complex parking lot, into traffic, and eventually to a restaurant parking lot. During this time, Mr. Merriam's wife and young child accompanied him in the backseat of his car. Once at the restaurant, the boys ran inside. Mr. Merriam then exited his car and attempted to place one of the boys' bicycles into his trunk.

At this time, two Granite School District Police Officers exited the restaurant and stopped Mr. Merriam. The officers, upon confronting Mr. Merriam, noted that he "was very agitated . . . , very mad . . . [and] almost hyper . . . ." Additionally, Mr. Merriam's "appearance, his demeanor, and everything indicated that he was under the influence of some type of controlled substance."

While questioning Mr. Merriam regarding his actions, the officers frisked him for weapons and requested identification. Mr. Merriam informed the officers that his identification was in the front seat of his car and moved toward the driver's door. One of the officers stopped Mr. Merriam, informed him that the officer would retrieve the identification, and confirmed with Mr. Merriam that the

identification was on the front seat of the car. The officer picked up the only item on either front seat, a black case. Immediately upon lifting the case, a velcro flap on its bottom opened, revealing the butt of a handgun. The officer then placed the case back in the car and arrested Mr. Merriam for theft and possession of a concealed weapon.

Before the district court, Mr. Merriam filed a motion to suppress evidence of the handgun. He alleged that the officer's entry into the car and handling of the black case constituted an unlawful search in violation of the Fourth Amendment. The district court denied his motion, finding the search justified under the officer safety exception as set forth in *Terry v. Ohio*, 392 U.S. 1 (1968), and its progeny.

## II. STANDARD OF REVIEW

"In reviewing the denial of a motion to suppress evidence, we accept the factual findings of the district court, and its determination of witness credibility, unless they are clearly erroneous." *United States v. Cervine*, 347 F.3d 865, 868 (10th Cir. 2003). We consider the evidence in the light most favorable to the finding of the district court and make the ultimate determination of reasonableness under the Fourth Amendment de novo. *Id.*

## III. DISCUSSION

Mr. Merriam claims that the officer's search of the passenger compartment

of Mr. Merriam's car was not necessary to protect officer safety under *Michigan v. Long*, 463 U.S. 1032 (1983). In *Long*, the Supreme Court held that

> the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. *Id.* at 1049 (internal quotation omitted).

We reject Mr. Merriam's argument, holding that a reasonable officer could have reached the conclusion that Mr. Merriam was dangerous and may have gained immediate control of a weapon. Similar holdings from other circuits heavily influence our decision.

In *United States v. Coleman*, 969 F.2d 126, 131-32 (5th Cir. 1992), the defendant, a suspected drug trafficker, exited his automobile after being stopped by police officers. *Id.* When asked for his identification, the defendant stated that it was in a leather pouch in the passenger seat of his automobile. *Id.* Rather than allow the defendant to get the pouch himself, the officers reached into the automobile and retrieved the pouch. *Id.* The officers then opened the pouch, finding a gun. *Id.* The Fifth Circuit held that, given the circumstances in that case, officer safety concerns justified the officers' actions in retrieving the pouch themselves. *Id.*

Similarly, in *United States v. Cardona-Rivera*, 904 F.2d 1149, 1154 (7th

-4-

Cir. 1990), the Seventh Circuit held that:

> [t]he officers were entitled to demand identification from [the defendant], and when he told them that they would find it, in the form of a ticket, in his car, they were entitled to enter the car and look for it. It would have been reckless for them, suspecting what they did, to let him enter the car and rummage for the ticket, for he might have had a gun under the seat or in the glove compartment. So the action of the police in entering the car was lawful[.] *Id.*

We face a situation similar to those in *Coleman* and *Cardona-Rivera*. Here, as in those cases, the officers had ample reason to view Mr. Merriam as a threat to their safety, thus justifying their retrieval of Mr. Merriam's identification. First, the officers' believed Mr. Merriam to be under the influence of an intoxicant. While suspicion of alcohol or illegal drug use *on its own* does not justify a search premised on officer safety, *see United States v. Wald*, 216 F.3d 1222, 1227 (10th Cir. 2000), when combined with Mr. Merriam's other actions, it enhances officer safety concerns, *see Long*, 463 at 1050 (noting, as one of the justifications for the weapons search, that the defendant "appeared to be 'under the influence' of some intoxicant").

Second, Mr. Merriam, based only on a verbal altercation with two boys, chased them with his car prior to his encounter with the officers. Third, the officers saw Mr. Merriam attempt to steal one of the boys' bicycles and throw it to the ground when he was unable to fit the bicycle into his trunk. Given this volatile and potentially intoxicant-induced behavior, we find that a reasonable

-5-

officer, evaluating all of the facts before him, would have reasonably believed that Mr. Merriam was dangerous and that he could have gained immediate control of a weapon, thereby justifying the officer's retrieval of Mr. Merriam's identification from the passenger compartment of his car.

## IV. CONCLUSION

Based on the foregoing, we **AFFIRM** the district court's denial of Mr. Merriam's motion to suppress entry of the handgun into evidence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge